UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KNOWLEDGELAKE, INC., ) | |
|     A Delaware Corporation, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:19-cv-02470-SEP |
| ) | |
| PFU America Group Management, Inc., ) | |
|     A California Corporation, ) | |
| ) | |
|     Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss the Complaint Or, In the Alternative, Transfer the Case to the District of Delaware. Doc. [5]. The motion is fully briefed. Docs. [5], [6], [9], [10]. For the reasons set forth below, the motion is granted in part and denied in part, and the case will be transferred to the District of Delaware for all further proceedings.

### Facts and Background

Plaintiff KnowledgeLake, Inc. ("KnowledgeLake") brings this action against Defendant PFU America, Inc., formerly known as PFU America Group Management, Inc. ("PFU"), claiming breach of contract and intentional misrepresentation related to a March 23, 2018, Stock Purchase Agreement ("SPA"), in which "Defendant agreed to sell all of the issued and

1

outstanding shares of capital stock of KnowledgeLake, Inc., a Missouri corporation (hereinafter "KL"), to Plaintiff." Doc. [1] ¶ 6.[1]

KnowledgeLake's first cause of action, for breach of contract, alleges that PFU "violated Article 4.1 [of the SPA] by accelerating the collection of KL's accounts' [sic] receivables." Doc. [1] ¶ 12. The second cause of action, for intentional misrepresentation, alleges that, "[p]ursuant to Article 3.2.1(i)(ix)(b) of the Agreement," PFU falsely represented that it would not accelerate the collection of any accounts receivable or otherwise change KL's cash management policy through the "Effective Date." *Id.* ¶¶ 8, 16. KnowledgeLake further alleges that it is entitled to recover reasonable attorneys' fees and expenses for both causes of action "pursuant to Article 6.2 of the Agreement." *Id.* ¶¶ 14, 22.

PFU moves to dismiss the Complaint on *forum non conveniens* grounds or, in the alternative, to transfer the case to the District of Delaware, citing 28 U.S.C. § 1404(a), because KnowledgeLake's claims "arise solely and exclusively out of a contract between PFU and KnowledgeLake that contains a broad, mandatory forum-selection clause requiring the resolution of all disputes in a state or federal court in Delaware." Doc. [6] at 1. KnowledgeLake counters that neither law nor contract permits dismissal based on *forum non conveniens*, and that transfer to federal court in Delaware would be "overwhelmingly contrary to Missouri public policy." Doc. [9] at 1.

## Standard of Review

The proper mechanism for enforcing a valid forum-selection clause directing that disputes be adjudicated in another federal forum is a motion to change venue pursuant to 28

---

[1] The Missouri corporation KnowledgeLake, Inc., here abbreviated as "KL," is a separate entity from Plaintiff KnowledgeLake, Inc., the Delaware corporation that purchased shares of KL from Defendant PFU under the disputed contract. *See* Doc. [1] ¶¶ 1, 6.

U.S.C. § 1404(a), rather than a motion to dismiss under Fed. R. Civ. P. 12(b)(3) or 28 U.S.C. § 1406(a). *Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 55-60 (2013). Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

In a case not involving a forum-selection clause, a district court considering a § 1404(a) motion would weigh "the convenience of the parties" and "various public-interest considerations" to determine "whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Id.* at 62-63 (quoting 28 U.S.C. § 1404(a)). "When the parties have agreed to a valid forum-selection clause," however, "a district court should ordinarily transfer the case to the forum specified in that clause." *Id.* at 62.

"The presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways," *id.* at 63, two of which are relevant here.[2] "First, the plaintiff's choice of forum merits no weight." *Id.* Instead, as the party "defying" the clause, "the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.*

Second, a district court "should not consider arguments about the parties' private interests," and instead must "deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.* at 64. Public-interest factors "will rarely defeat a transfer motion," with "the practical result . . . that forum-selection clauses should control except in unusual cases." *Id.*

---

[2] The third adjustment relates to choice-of-law considerations that the parties do not raise here. *See Atlantic Marine*, 571 U.S. at 64-65.

3

The net result of these adjustments, according to the Supreme Court of the United States, is that "proper application of § 1404(a) requires that *a forum-selection clause be given controlling weight in all but the most exceptional cases*." *Id.* at 63 (internal citations omitted) (emphasis added).

## Discussion

The parties agree that the SPA is a binding and enforceable contract between Plaintiff and Defendant. The SPA's forum-selection clause, Section 8.3, states:

> 8.3. Governing Law; Submission to Jurisdiction; Selection of Forum; Waiver of Trial by Jury. This Agreement and any controversy related to or arising, directly or indirectly, out of, caused by or resulting from this Agreement will be governed by and construed in accordance with the domestic Laws of the State of Delaware, without giving effect to any choice or conflict of Law provision or rule (whether of the State of Delaware or any other jurisdiction) that would cause the application of the Laws of any jurisdiction other than the State of Delaware. EACH OF THE PARTIES CONSENTS TO THE EXCLUSIVE JURISDICTION OF ANY STATE OR FEDERAL COURT WITHIN THE STATE OF DELAWARE, AND ANY APPELLATE COURT HAVING JURISDICTION OVER APPEALS FROM ANY SUCH STATE OR FEDERAL COURT, WITH RESPECT TO ANY CLAIM OR CAUSE OF ACTION ARISING UNDER OR RELATING TO THIS AGREEMENT (the "Chosen Courts"), AND WAIVES PERSONAL SERVICE OF ANY AND ALL PROCESS UPON IT, AND CONSENTS THAT ALL SERVICES OF PROCESS BE MADE BY REGISTERED OR CERTIFIED MAIL, RETURN RECEIPT REQUESTED, DIRECTED TO IT AT ITS ADDRESS AS SET FORTH IN SECTION 8.4, AND SERVICE SO MADE WILL BE DEEMED TO BE COMPLETED WHEN RECEIVED. EACH OF THE PARTIES WAIVES ANY OBJECTION BASED ON *FORUM NON CONVENIENS* AND WAIVES ANY OBJECTION TO VENUE OF ANY ACTION INSTITUTED HEREUNDER. NOTHING IN THIS SECTION WILL AFFECT THE RIGHTS OF THE PARTIES TO SERVE LEGAL PROCESS IN ANY OTHER MANNER PERMITTED BY APPLICABLE LAW. Each party hereto irrevocably waives any and all right to trial by jury in any legal proceeding arising out of, or relating to, this Agreement or the Transaction.

Doc. [6], Exh. 1 at 34 (emphasis in original).[3]  By the plain terms of Section 8.3, the parties agreed that any controversy related to the SPA must be adjudicated under Delaware law by a state or federal court in Delaware.[4]

KnowledgeLake's claims relate to the SPA.  KnowledgeLake alleges that PFU breached Article 4.1 of the SPA.  The alleged misrepresentation was made in Article 3.2(i)(ix)(b) of the SPA.  And KnowledgeLake cites Article 6.2 of the SPA as the basis for its claim to attorneys' fees and expenses.  Because the claims relate to the SPA, and the SPA contains a valid forum-selection clause, KnowledgeLake "bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted."  *Atlantic Marine*, 571 U.S. at 63.

KnowledgeLake makes two arguments in support of its contention that "the interest of justice factors overwhelmingly disfavor a transfer":  that Missouri has "a persuasive public interest in the case" and that "transfer would deprive KnowledgeLake's access to federal courts."  Doc. [9] at 5-6.  Neither argument succeeds in overcoming the strong presumption in favor of enforcing a valid forum-selection clause.  *See Atlantic Marine*, 571 U.S. at 63.

First, KnowledgeLake argues that its claim "is a local controversy, and Missouri has a strong interest in adjudicating local disputes," which interest is allegedly "heightened" in this suit involving "fraud, overreaching, and misrepresentations by PFU."  Doc. [9] at 5.  That argument fails.

To begin with, KnowledgeLake cites no case supporting the invalidation of a forum-selection clause based on any such interest, "heightened" or otherwise.  Neither *Union Elec. Co. v. Energy Ins. Mut., Ltd.*, 689 F.3d 968 (8th Cir. 2012), nor *Andra v. Left Gate Prop. Holding,*

---

[3] As PFU correctly notes, because the SPA is "necessarily embraced by the complaint," the Court can consider it in deciding this motion. *Enervations, Inc. v. Minnesota Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004).
[4] KnowledgeLake does not challenge the facial validity of Article 8.3 in its Response.

*Inc.*, 453 S.W.3d 216 (Mo. banc 2015), involves anything like the invalidation of a forum-selection clause based on a putative "interest in adjudicating local disputes." This Court declines to break new ground by finding an ordinary contract dispute to be an "extraordinary circumstance" warranting the invalidation of a forum-selection clause. *Atlantic Marine*, 571 U.S. at 62.

Further, while "[a] forum-selection clause in a contract is not enforceable if the *inclusion of that clause in the contract* was the product of fraud or coercion," *Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P.*, 254 F.3d 753, 757 (8th Cir. 2001) (internal quotation omitted) (emphasis in original), KnowledgeLake has made no such allegation in this case. KnowledgeLake's allegations of fraud relate to Article 3.2(i)(ix)(b) of the SPA—*not* to Section 8.3's forum-selection clause. Those allegations therefore provide no support for invalidating the forum-selection clause, and KnowledgeLake cites no case law supporting its suggestion to the contrary.

Second, KnowledgeLake argues that transfer to Delaware would deprive it of "access to federal courts" and "a legitimate opportunity to achieve justice," because it would be "extremely costly" to conduct litigation in Delaware, and it is a "notoriously lax and pro-business jurisdiction." Doc. [9] at 6. The Supreme Court has made clear that, "[w]hen parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient for themselves or their witnesses, or for their pursuit of the litigation." *Atlantic Marine*, 571 U.S. at 64. KnowledgeLake's own *private* interests cannot excuse it from compliance with a valid forum-selection clause. *Id.*

## Conclusion

For the foregoing reasons, PFU's motion to transfer pursuant to § 1404(a) is granted, and this case will be transferred to the District of Delaware for all further proceedings. Because this Court finds that 28 U.S.C. § 1404(a) applies, PFU's motion to dismiss on *forum non conveniens* grounds is denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss the Complaint Or, In the Alternative, Transfer the Case to the District of Delaware, Doc. [5], is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall **TRANSFER** this case to the United States District Court for the District of Delaware.

Dated this   12th   Day of March, 2020.

*Sarah E. Pitlyk*
_____
UNITED STATES DISTRICT JUDGE