IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KNOWLEDGELAKE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 20-425 MAK |
| v. | ) |
| | ) |
| PFU AMERICA GROUP MANAGEMENT, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS TO BE IMPOSED UPON DEFENDANT AND ITS COUNSEL FOR FAILURE TO NOTIFY THE COURT IN A TIMELY MANNER OF ITS REFUSAL TO PARTICIPATE IN THE COURT-ORDERED SETTLEMENT CONFERENCE**

TYBOUT, REDFEARN & PELL
*/s/ Robert M. Greenberg*
Robert M. Greenberg, ESQUIRE (#4407)
Rockwood Office Park
501 Carr Road, Suite 300
Wilmington, DE 19809
(302) 658-6901
rgreenberg@trplaw.com

Of Counsel:
Stephen G. Foresta, Esquire
Alicia M. Baiardo, Esquire
McGUIREWOODS LLP
1251 Avenue of the Americas, 20th Floor
New York, NY 10020
sforesta@mcguirewoods.com
abaiardo@mcguirewoods.com

Attorneys for Defendant PFU America, Inc., formerly known as PFU America Group Management, Inc

**PRELIMINARY STATEMENT**

Defendant PFU America, Inc., formerly known as PFU America Group Management, Inc. ("PFU"), respectfully submits this memorandum in opposition to the motion filed by Plaintiff KnowledgeLake, Inc. ("KnowledgeLake" or "New KL") requesting that the Court issue a show cause order to PFU why it should not be sanctioned for "failure to notify the Court in a timely manner of its refusal to participate in the Court-ordered settlement conference." (ECF No. 76).

There is no basis for sanctioning PFU or its counsel for failing to notify the Court in a timely manner of its refusal to participate in a settlement conference because ***PFU did not refuse to participate in the settlement conference.*** Simply put, the fundamental premise underlying KnowledgeLake's motion is false. Because PFU and its counsel never refused to participate in the settlement conference, they were under no obligation to timely notify the Court of its refusal to participate, and therefore, cannot be sanctioned for failing to do so.

Contrary to KnowledgeLake's contention, PFU and its counsel fully complied with their obligations under the Federal Rules of Civil Procedure, Magistrate Judge Marilyn Heffley's Court Rules on settlement and Judge Heffley's May 17, 2021 Conference Order. PFU provided a confidential pre-hearing mediation statement to Judge Heffley. PFU and its counsel appeared at a July 20, 2021 conference before Judge Heffley to discuss settlement (the "Settlement Conference") and actively participated in the process. PFU had a senior corporate officer present for the Settlement Conference with settlement authority. And PFU made a settlement offer during the Settlement Conference. Accompanying this memorandum are sworn statements from four attendees at the Settlement Conference on behalf of PFU, all of whom have attested to the fact that at no point during the Settlement Conference did anyone on the PFU side refuse to negotiate or inform Judge Heffley that PFU did not intend to participate in the proceedings. It is unlikely that Judge Heffley told either of those things to the KnowledgeLake representatives (as

1

KnowledgeLake claims in its motion), but if she did, Judge Heffley did not accurately convey PFU's position.

PFU was – and remains – willing to settle this case for what it believes it is worth. But PFU believes there are very strong defenses to the claims asserted by KnowledgeLake and it is confident that it will prevail at trial. While PFU did not learn very much at the Settlement Conference, it did learn that KnowledgeLake's view of what this case is worth continues to be dramatically different than PFU's view. PFU's unwillingness to offer more than it believes the case is worth does not mean it failed to act in good faith any more than it means KnowledgeLake failed to act in good faith because it was unwilling to demand less than it believes the case is worth. At least PFU put a settlement number on the table. If KnowledgeLake made a counter-demand, Judge Heffley did not convey it to PFU before deciding to terminate the Settlement Conference.

In its memorandum in support of the motion, KnowledgeLake has not cited to any case where a court has imposed sanctions on a party under the circumstances that exist here. It is quite clear that KnowledgeLake brought this case in the belief that it could intimidate PFU into paying money that KnowledgeLake is not entitled to, and it appears that KnowledgeLake has brought this motion for a similar purpose. But PFU will not be cowed. PFU and its counsel acted in good faith at all times during the Settlement Conference. For the reasons set forth below, as supported by the accompanying affidavits and accompanying declarations from all the participants in the Settlement Conference on behalf of PFU, KnowledgeLake's request for sanctions should be denied.

## STATEMENT OF FACTS

**A.      Plaintiff's Claims**

This case arises out of a March 23, 2018 Stock Purchase Agreement ("SPA") through which KnowledgeLake purchased from PFU all of the issued and outstanding shares of a company

also known as KnowledgeLake, Inc. ("Old KL").  In this action, New KL alleges that PFU improperly accelerated and collected approximately $1 million in receivables prior to the March 31, 2018 closing of the sale of Old KL in breach of the representations and warranties section of the SPA.

Specifically, New KL alleges that PFU breached the representation in Article 4.1 of the SPA that Old KL would conduct business in the ordinary course, and it points to two alleged breaches:  first, Old KL collected a nearly $1 million overdue invoice from one customer (Walmart); and second, Old KL allowed another customer (Teledyne Brown) to pay a $50,000 invoice by credit card.  New KL also contends that PFU intentionally misrepresented in the SPA that there would not be any "acceleration in the collection of any accounts or notes receivable or otherwise change on any of [Old KL's] cash management policies… other than in the ordinary course of business."

To sum up, Plaintiff's case hinges on (i) the supposed acceleration of an invoice that discovery has confirmed was past due when it was paid, (ii) the ordinary decision to approve a client's request to pay an invoice by credit card, and (iii) the dubious notion that New KL lacked knowledge of these events notwithstanding email evidence and deposition testimony demonstrating these events were not only known to New KL, but that the parties actively negotiated around them in connection with the closing.  In fact, discovery revealed that KnowledgeLake's CEO, Ron Cameron, agreed to proceed with the purchase of Old KL with full knowledge of the Walmart payment and the Teledyne payment and the intention of later suing PFU for what he believed was conduct outside of Old KL's ordinary course of business.

B.      The July 20, 2021 Settlement Conference

3

On May 17, 2021, the Court issued an Order requiring the parties to attend a Settlement Conference scheduled for July 20, 2021 before Magistrate Judge Marilyn Heffley. (ECF No. 71). The Order also required the parties to submit confidential mediation statements to Judge Heffley on July 13, 2021. (*Id.*)

PFU submitted its mediation statement on July 13 and appeared at the Settlement Conference telephonically on July 20. *See* Affidavit of Stephen G. Foresta, dated July 29, 2021 ("Foresta Aff."), at ¶¶ 6-7. In attendance on behalf of PFU were: Stephen Foresta and Alicia Baiardo, trial counsel for PFU; Andrew Hodges, in-house counsel for PFU; and Hiroyuki Kubo, the Chief Financial Officer of PFU. *See* Foresta Aff. at ¶ 7; Declaration of Alicia A. Baiardo, dated July 28, 2021 ("Baiardo Decl."), at ¶ 4; Declaration of Andrew Hodges ("Hodges Decl."), dated July 29, 2021, at ¶ 4; Affidavit of Hiroyuki Kubo, dated July 28, 2021 ("Kubo Aff."), at ¶ 4. As required by the Court's Order, Mr. Kubo appeared with settlement authority on behalf of PFU. Kubo Aff., at ¶ 2.

Having confirmed through discovery that KnowledgeLake's case has serious deficiencies, PFU approached the Settlement Conference with the expectation that KnowledgeLake would present a reasonable demand. *See* Foresta Aff., at ¶¶ 11-12, 17-18. For its part, PFU was willing to settle this action for an amount that it believed was in line with the value of this case. *See* Kubo Aff. at ¶ 3. Like KnowledgeLake, PFU engaged in the costly exercise of preparing its mediation statement and like the KnowledgeLake participants, the PFU participants cleared their schedule to attend. Hodges Decl., at ¶ 4; Kubo Aff., at ¶ 2. At the Settlement Conference, PFU's trial counsel explained to Judge Heffley the basis for PFU's belief in the strength of its defenses and recited the key facts that had come to light during discovery. Foresta Aff. at ¶¶ 11-12. Counsel made it clear that PFU is confident that it will prevail at trial. Nonetheless, in the hopes of avoiding the cost of

4

litigating this case through trial, PFU made a settlement offer at the conference. *Id*. at ¶ 12. This offer was made after Judge Heffley recounted her discussion with the KnowledgeLake representatives, which mimicked the arguments made to Chief U.S. Magistrate Judge Mary Pat Thynge in a prior unsuccessful attempt to mediate this dispute in September 2020 prior to the close of discovery. Foresta Aff. at ¶¶ 9-10; Baiardo Decl., at ¶ 7.

After speaking with KnowledgeLake representatives and presumably conveying PFU's offer, Judge Heffley returned and informed the PFU representatives that she was terminating the Settlement Conference, because she did not believe the case would settle. Foresta Aff. at ¶ 16; Baiardo Decl., at ¶¶ 6-7. Ms. Baiardo then asked Judge Heffley if KnowledgeLake could explain the basis for its continued pursuit of the case following discovery, hoping to salvage the mediation, but PFU never received a response to this request. Baiardo Decl., at ¶ 7; Foresta Aff., at ¶ 15. At no point did anyone from PFU refuse to negotiate or express their intention not to participate in the settlement conference in good faith. Foresta Aff., at ¶ 4; Baiardo Decl., at ¶¶ 8-9; Hodges Decl., at ¶ 6; Kubo Aff., at ¶ 6.

## ARGUMENT

### THERE IS NO BASIS FOR IMPOSING SANCTIONS AGAINST PFU OR ITS COUNSEL BECAUSE OF THEIR CONDUCT AT THE JULY 20, 2021 SETTLEMENT CONFERENCE

The factual predicate for KnowledgeLake's request for sanctions consists of one sentence. KnowledgeLake asserts that "Judge Heffley informed Lead Counsel that PFU refused to negotiate and expressed to Judge Heffley their intention not to participate in the conference settlement in any manner whatsoever." Plaintiff's Memorandum at 2. From this solitary "fact" – which no one

from KnowledgeLake has verified[1] – KnowledgeLake would have the Court impose sanctions on PFU and its counsel under Rule 16(f) of the Federal Rules of Civil Procedure for "not informing the Court in a timely manner that the settlement conference was futile." Plaintiff's Memorandum at 3.

As detailed above and in the accompanying statements of all the participants on behalf of PFU present at the July 20 Settlement Conference, PFU and its counsel ***did not*** refuse to negotiate on July 20 and they ***did not*** express to Judge Heffley an intention to not participate in the Settlement Conference "in any manner whatsoever." Those statements are simply untrue. As it was entitled to do, PFU presented a position on settlement at the conference that was aligned with its good faith belief that PFU has meritorious defenses to each of the claims asserted against it by KnowledgeLake. The fact that KnowledgeLake was displeased with PFU's position does not mean PFU acted in bad faith and it does not provide a basis for imposing sanctions on PFU and its counsel. PFU and its counsel fully participated in the Settlement Conference and were prepared to negotiate a settlement – just not on the terms that KnowledgeLake apparently wanted.

KnowledgeLake has not cited to, and PFU is not aware of, any case law in any jurisdiction that says a party is required to offer to settle a case for more than it believes it is worth. Yet the settlement offer that PFU conveyed to Judge Heffley at the Settlement Conference was exactly that: an amount that PFU believes this case is worth, based on its fulsome evaluation of the evidence that will be presented to the Court at trial and the governing legal principles that the Court will apply. PFU firmly believes that KnowledgeLake cannot prevail on its claims. There was no breach of contract. As every KnowledgeLake witness in this case has acknowledged, Old KL

---

[1] Unlike this opposition, KnowledgeLake's motion was not supported by sworn affidavits from any participants at the July 20 Settlement Conference.

simply collected a past due invoice and because the payment was made before the sale of Old KL closed, PFU got to keep the money by agreement of the parties. It also allowed another customer to pay its invoice by credit card, which discovery revealed to be an acceptable and common practice at Old KL. There was no intentional misrepresentation by PFU, either. As every KnowledgeLake witness in this case has acknowledged, KnowledgeLake's CEO knew that Old KL was trying to collect the past due invoice and knew that the money was going to PFU because – as he agreed – the money came in before the closing. KnowledgeLake could not have reasonably relied on a representation that PFU would not collect this invoice when its CEO knew exactly what was happening prior to the closing.

PFU does not know what Judge Heffley told KnowledgeLake's representatives during their private sessions. But if Judge Heffley took PFU's steadfast belief that it will prevail at trial to mean that PFU was refusing to negotiate or lacked an intention to participate in the process and conveyed that belief to KnowledgeLake representatives, then, respectfully, she misinterpreted PFU's position and overlooked all evidence to the contrary. PFU *did* participate in the settlement process. PFU prepared and provided a pre-conference mediation statement to Judge Heffley on July 13. PFU appeared at the July 20 Settlement Conference with trial counsel and two PFU employees: the CFO and a senior in-house lawyer. The CFO came with authority to settle the case. PFU's counsel explained to Judge Heffley in painstaking detail why PFU believes KnowledgeLake's claims are frivolous. Nonetheless, PFU still made a settlement offer to be passed along to KnowledgeLake. And while PFU was willing to entertain a counter-demand from KnowledgeLake and an explanation as to why it still believed it had a strong case after the evidence elicited in this case during discovery gutted its case, none was forthcoming. Judge Heffley simply concluded that it would be futile to continue and ended the Settlement Conference. PFU is not

faulting Judge Heffley in any respect. Presumably, KnowledgeLake believes this case is worth a lot more than PFU does and expressed that sentiment to Judge Heffley in a way that convinced her that the parties would never see eye to eye. That does not mean that PFU acted in bad faith and should be sanctioned for not cancelling the Settlement Conference any more than its means that KnowledgeLake should be sanctioned for not doing the same thing.

> Rule 16(f) provides that a Court may impose sanctions if a party or its attorney:
>
> (A) fails to appear at a scheduling or other pretrial conference;
> (B) is substantially unprepared to participate – or does not participate in good faith- in the conference; or
> (C) fails to obey a scheduling or other pretrial order.

Fed. R. Civ. P. 16(f). None of those circumstances occurred here. PFU participated in the settlement conference in good faith by timely submitting its mediation statement, appearing at the conference with an appropriate representative with settlement authority, and making an offer to settle. *See* Foresta Aff., at ¶¶ 5-8, 12; Kubo Aff., at ¶¶ 2-3; Baiardo Decl., at ¶¶ 6, 9; Hodges Decl., at ¶ 5. Those are not facts that justify the imposition of sanctions. S*ee Exec. Wings, Inc. v. Dolby*, 131 F. Supp. 3d 404, 421 (W.D. Pa. 2015) (refusing to impose sanctions where, "(a) lead counsel for each party appeared at the ADR proceeding, (b) the 'right' representatives attended on behalf of each party, (c) there was no non-compliance with the Court's ADR procedural requirements nor (d) the imposition of any 'standard settlement policy impeding any settlement discussion"); *Palmer v. Fed. Express Corp.*, No. CV 15-202, 2015 WL 9295917, at *5 (W.D. Pa. Dec. 18, 2015) (denying motion for sanctions where defendant brought a representative with authority to the settlement conference and plaintiff was merely frustrated by defendant's valuation of the case). The July 20 Settlement Conference failed because the parties maintain vastly different views of the merits of the case – not because PFU acted in bad faith.

The law does not impose upon any party an obligation to settle a case. *See Exec. Wings, Inc.*, 131 F. Supp. 3d, at 421-22 (refusing to impose sanctions on a party that participated in the settlement process in good faith for being unwilling to compromise its settlement position); *see also Palmer*, 2015 WL 9295917, at *5 ("This Court has consistently held that sanctions are imposed solely on a party's refusal to participate in a mediation in good faith, not for the refusal to settle"); *Vay v. Huston*, No. CIV.A. 14-769, 2015 WL 791430, at *3 (W.D. Pa. Feb. 25, 2015) ("The Western District Court does not require that a party settle a case. It does not require that plaintiffs make demands or that defendants make offers. It does, however, require that the parties engage in an ADR process in good faith. If the parties indicate that they will be engaging in a mediation process, a plaintiff would be proceeding in bad faith if he or she refuses to make a demand for settlement. Likewise, a defendant would be proceeding in bad faith if the defendant refused to make an offer.").

KnowledgeLake cites to several cases in its memorandum where sanctions were imposed following a failed settlement effort, but those cases are easily distinguished from the circumstances before this Court. *See Grigoryants v. Safety-Kleen Corp.*, No. CIV.A. 11-267E, 2014 WL 2214272, at *2 (W.D. Pa. May 28, 2014) (granting sanctions after defendant, who had a litigation policy of refusing to make settlement offers before the close of discovery, failed to submit a written statement or to inform the court of its policy during the two pre-mediation calls held before the conference); *Karahuta v. Boardwalk Regency Corp.*, No. CIV.A. 06-4902, 2007 WL 2825722, at *6 (E.D. Pa. Sept. 27, 2007) (granting sanctions where defendant failed to bring a representative with authority after the mediation had been rescheduled for defendant's convenience multiple times); *Arneault v. O'Toole*, No. CIV.A. 1:11-95, 2014 WL 1117900, at *3 (W.D. Pa. Mar. 20,

9

2014) (granting sanctions where plaintiff refused to make any offer at all, even after liability had been determined).

None of the facts that compelled the courts in those cases to impose sanctions are present here. In fact, there are no cases where sanctions were imposed when a party – like PFU in this matter – complied with its pre-hearing obligations, appeared at a settlement conference with its trial counsel and a client representative with authority to settle the case, engaged in substantive discussions with the mediator about the merits of its case, and put a settlement offer on the table that fairly reflected the party's good faith view of the value of the case. This should not be the first such case.

## **CONCLUSION**

For the foregoing reasons, KnowledgeLake's motion for sanctions should be denied.

Dated: July 29, 2021

TYBOUT, REDFEARN & PELL
*/s/ Robert M. Greenberg*
Robert M. Greenberg, ESQUIRE (#4407)
Rockwood Office Park
501 Carr Road, Suite 300
Wilmington, DE  19809
(302) 658-6901
rgreenberg@trplaw.com

Of Counsel:
Stephen G. Foresta, Esquire
Alicia M. Baiardo, Esquire
McGUIREWOODS LLP
1251 Avenue of the Americas, 20th Floor
New York, NY 10020
sforesta@mcguirewoods.com
abaiardo@mcguirewoods.com

Attorneys for Defendant PFU America, Inc., formerly known as PFU America Group Management, Inc.